C.J. Erickson
Kieran G. Doyle
Jeremy A. Berman
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9200

Attorneys for Plaintiff Twenty-Six Designs, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TWENTY-SIX DESIGNS, LLC,

      *Plaintiff*,

      v.

SME CONSOLIDATED LTD.

      *Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.  2:23-cv-1794

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Twenty-Six Designs, LLC ("Plaintiff"), by its undersigned attorneys, for its Amended Complaint against Defendant SME Consolidated Ltd. ("SME" or "Defendant") alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for trademark infringement, trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law, and patent infringement arising under the Patent Act, 35 U.S.C. § 1 et seq., to halt Defendant's infringement of Plaintiff's valuable BOGG trademark, trade dress, and design patent.

32800/000/4211937.1

## THE PARTIES

2. Plaintiff Twenty-Six Designs, LLC is a New Jersey limited liability company with its principal place of business at 240 Route 17 South, Lodi, New Jersey 07644, engaged in the business of, among other things, designing, marketing, and selling bags to consumers.

3. Upon information and belief, Defendant SME Consolidated Ltd. is a Delaware corporation with its principal place of business at 250 Passaic St. Newark, New Jersey 07104, engaged in the business of selling handbags.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 35 U.S.C. § 1 et seq., and 28 U.S.C. § 1331 and 1338, and pursuant to principles of supplemental jurisdiction.

5. This Court has personal jurisdiction over SME because it is domiciled in and conducts its business in and from New Jersey

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), and 28 U.S.C. § 1400 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Plaintiff resides in this District.

## FACTS

**BOGG Marks**

7. Since at least 2011, Plaintiff has designed, produced, marketed, and sold its famous BOGG Bags featuring trademarks and a now well-known trade dress (the "Bogg Trade Dress") that has come to signify Plaintiff as the source of these popular and high quality bags. An image of one of Plaintiff's Bogg Bags featuring the Bogg Trade Dress appears below:

32800/000/4211937.1



8. The Bogg Trade Dress comprises of the overall look, design and appearance of the bags and embraces multiple design elements that collectively have come to identify Plaintiff as the source of the bags, including the following:

- A rectangular shape formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of 17 diagonal holes on the front and back faces of the bag, arranged in sequentially angled sets of a single hole, three holes, three sets of five holes, another set of three holes, and a final single hole;

- Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material and color;

- Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag

32800/000/4211937.1

- An arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above.

8. The Bogg Trade Dress is non-functional and represents a series of creative design choices. There are many ways to create a beach bag that does not use the same overall patterns and arbitrary features.

9. Plaintiff markets its popular Bogg Bags specifically for use at the beach, lake or pool.

10. Over the past 12 years, Plaintiff has sold its popular BOGG Bags internationally and across the United Stated through over 2,500 stores. Moreover, Plaintiff has widely promoted and sold its BOGG Bags through Plaintiff's website at https://boggbag.com.

11. Plaintiff's BOGG Bag has become so popular and is so well regarded that is has been featured in magazines including Better Homes and Gardens, Coastal Living, Country Living and more, and on Good Morning America.

12. As a result of this longtime use and widespread public and media attention and praise, the BOGG Trade Dress serves as a powerful source identifier for Plaintiff and has acquired significant secondary meaning among the consuming public, which uses the Bogg Trade Dress to identify Bogg Bags and their source in the marketplace. That is, consumers encountering Plaintiff's Bogg Bags featuring the BOGG Trade Dress even without seeing the BOGG word mark or B logo, identify that bag with a single source – Plaintiff.

13. In addition to the Plaintiff's common-law rights in Plaintiff's Marks, Plaintiff owns several United States trademark applications and registrations for its marks and trade dress (together, "Plaintiff's Marks"). These include the following:

32800/000/4211937.1

- United States Registration No. 4,300,610 for the mark BOGG covering "bags, namely, all purpose carrying bags, tote bags" in International Class 18.  This registration is incontestable.

- United States Application No. 90/086,398 for certain aspects of the the BOGG Bag trade dress (the "BOGG Bag Trade Dress"), namely, the three-dimensional configuration of the following elements of the bag: "the horizontal line running the circumference of the top hem, the horizontal line running the circumference of the base, and semi-rigid synthetic base with round corners comprising raised pattern of zig zag lines when viewed in profile."  covering "bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine" in International Class 18.

14. On May 12, 2015, U.S. Patent No. D728,938 (the "'938 Patent"), entitled "Carrying Case," was duly and lawfully issued by the United States Patent and Trademark Office to Plaintiff's founder and CEO, Kimberlee Vaccarella, who is the sole inventor and owner of the '938 Patent.  The '938 Patent covers the ornamental design for the BOGG Bags shown below and captures key aspects of the Bogg Trade Dress:



5

15. The application from which the '938 Patent issued was filed on April 16, 2014. A true and correct copy of the '938 Patent is attached as **Exhibit A** hereto.

16. Plaintiff has also made extensive use of the Bogg Trade Dress and Plaintiff's other Marks in advertising and promoting its BOGG Bags, with advertising and promotions featuring Plaintiff's Marks appearing on Plaintiff's social media accounts, through which Plaintiff has tens of thousands of followers.

17. The fame and notoriety of the BOGG Bottom Mark is due in large part to the great efforts taken by Plaintiff in advertising the BOGG Bag. Importantly, Plaintiff has educated consumers to associate the BOGG Bottom Mark with the BOGG Bag by using "look for" evidence that specifically calls to attention the popular BOGG Bottom.

18. Examples of social media posts drawing consumer attention to the Plaintiff's Marks including the Bogg Trade Dress appear below:.




32800/000/4211937.1



19. Plaintiff's BOGG Bags have been a huge commercial success since 2011, with 2021 sales exceeding $20 million. Every consumer exposed to the BOGG Bags is exposed to the Bogg Trade Dress and Plaintiff's Marks as front-and-center on the products.

20. Plaintiff's BOGG Bags are distributed, sold, marketed, and promoted through a wide variety of trade channels, including retail stores, wholesale, and internet sales nationwide.

21. As a result of the enormous commercial success of the BOGG Bags and years of promotion of the Bogg Trade Dress in connection with such a popular product, the BOGG Trade Dress has acquired significant secondary meaning and has become extremely well-known to consumers as identifying bags of the highest quality originating with Plaintiff. As such, Plaintiff's Marks have developed substantial goodwill symbolizing intellectual property of tremendous value to Plaintiff.

22. Plaintiff actively monitors the marketplace in order to enforce its rights against third-party infringers of its intellectual property.

**Defendant's Infringing Conduct**

23.     Upon information and belief, SME manufactures and distributes licensed products such as bags bearing the trademarks of others, including the mark BOC.

24.     SME manufactures and distributes a copycat bag that closely simulates and is confusingly similar to the Bogg Trade Dress (the "Infringing Bag").



25.     The Infringing Bag features the word B.O.C. prominently on the bottom panel – the same panel on which Plaintiff's BOGG mark appears.

8

26. Like genuine Bogg Bags, the Infringing Bag features a rectangular shape formed of flexible synthetic, with rounded bottom corners; an arbitrary pattern of diagonal holes on the back of the bag, arranged in sequentially angled sets similar in number and orientation to the Bogg Trade Dress; belt-like looped EVA foam handles fastened to the front and back of the bag with buttons; parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag; and an arbitrary pattern running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line. In short, the Infringing Bag closely copies all aspects of the Bogg Trade Dress, and applies them to a bag of nearly identical proportions and materials.

27. These physical similarities demonstrate intent to duplicate the patented design of the BOGG Bags.

28. Upon information and belief, Dillard's, Inc. ("Dillard's") is a national retailer with over 250 department stores in 29 states. Dillard's also operates a retail website.

29. Dillard's has sold Plaintiff's BOGG Bags both in stores and online continuously for several years.

30. On or about August 4, 2022 at 10 West 33rd Street New York, NY, a Dillard's representative was shown an Infringing Bag, asked if Dillard's would sell the Infringing Bag and told that thousands of Infringing Bags were being sold each week.

31. Upon information and belief, the individual who asked Dillard's to carry the Infringing Bags was a representative of SME.

32. Upon information and belief, Shoe Carnival Inc. ("Shoe Carnival") is a national retailer with over 350 department stores in 35 states. Shoe Carnival also operates a retail website.

33. Shoe Carnival has sold Plaintiff's BOGG Bags both in stores and online continuously for several years.

34. Upon information and belief, SME has sold the Infringing Bags to Shoe Carnival.

35. Shoe Carnival now sells both the genuine BOGG Bag and SME's Infringing Bags.

36. Below is the product offering for the infringing B.O.C. Beach Tote as it appears on the Shoe Carnival website.



37. Upon information and belief, Defendant intentionally copied Plaintiff's BOGG Bag Trade Dress to create the Infringing Bags, as evidenced by the Infringing Bags being clearly produced to look the genuine BOGG Bag.

38. Upon information and belief, the Infringing Bags are marketed to the same classes of consumers as genuine Bogg Bags, namely female purchasers interested in bags for use at the beach or pool.

32800/000/4211937.1

39. Upon information and belief, the Infringing Bags are of significantly lower quality than the BOGG Bags.

40. Upon information and belief, Defendant intentionally copied Plaintiff's Marks and BOGG Trade Dress to draw upon and siphon off the goodwill and consumer recognition and popularity of genuine BOGG Bags.

41. The Infringing Products additionally are nearly identical to the design claimed in the '938 Patent, as shown below. Indeed, there appears to be no aspect of the design claimed in the Patent that Defendants have not closely copied:



42. While Plaintiff does not allege that Defendant's BOC Mark is confusingly similar to Plaintiff's BOGG mark when used on goods other than the Infringing Bags, Defendant's use of the letters BOC –which begins with "BO" just as BOGG does an ends with a "C" visually and phonetiocally similar to the "G" – in the same bottom panel on the Infringing Bag as where the

BOGG Mark appears on the BOGG Bag, is clearly intended to confuse the consumer and create an association between the Infringing Bags and the BOGG Bags.

43. Defendant's use of a nearly identical trade dress to the BOGG Trade Dress, and the BOC on the same bottom panel of its products as Plaintiff's BOGG Mark is located on the BOGG Bags, is likely to cause confusion, mistake, and deception among consumers as to the source and origin of Defendant's goods, and is likely to deceive the public into believing that Defendant's goods originate from, are associated with or are authorized or licensed by the producers of the BOGG Bags, or that Defendant's goods are from the same source, all to the damage and detriment of Plaintiff's goodwill, reputation, and sales.

44. Upon information and belief, by virtue of its unlawful conduct, Defendant has and will continue to deprive Plaintiff of sales of the genuine BOGG Bag and has made or will make substantial profits and gains to which it is not in law or equity entitled.

45. As a result of Defendant's actions, Plaintiff has been and will be damaged in an amount to be determined at trial.

46. Defendant's unlawful activities have caused and will continue to cause irreparable harm and injury to Plaintiff and the reputation and goodwill associated with the BOGG Mark, BOGG Bag Trade Dress, and Plaintiff's BOGG Products. Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**(Trademark and Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act)**

47. Plaintiff incorporates the foregoing paragraphs 1-47 above as if set forth fully herein.

48. Defendant's use of, promotion, and sale of the Infringing Bags and its use of false information regarding the quality and characteristics of the Infringing Bags, as described above, constitutes trade dress infringement, trademark infringement of Plaintiff's Marks, false designation of origin, and unfair competition, and false advertising, all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**SECOND CLAIM FOR RELIEF**
(Violation of the Patent Act, 35 U.S.C. § 1 et seq.)

49. Plaintiff incorporates the foregoing paragraphs 1-48 above as if set forth fully herein.

50. The '938 Patent is in full force and effect as of the date of this Amended Complaint and all times relevant to the allegations herein.

51. Plaintiff is the exclusive licensee of the '938 Patent, and the license grants all substantial rights in the patent, including the right to enforce the patent.

52. Defendant has infringed and continues to infringe the '938 Patent. Defendant is infringing, directly or indirectly, by making, using, selling and/or offering to sell, or inducing others to make, use, sell and/or offer for sale, in the United States or by importing into or inducing others to import into the United States, including in New Jersey, Tennessee, and in this District, Infringing Bags that are substantially similar to the design in the '938 Patent and will continue to do so unless enjoined by this Court.

53. Defendant first received notice of the '938 Patent no later than September 12, 2022.

54. Upon information and belief, Defendant's infringement of the '938 Patent has been willful and malicious and with actual or constructive notice of the '938 Patent. The circumstances of this infringement warrant finding this matter of infringement to be exceptional.

32800/000/4211937.1

55. Plaintiff has sustained damages as a result of the infringing acts of Defendant, including but not limited to lost profits.

56. Plaintiffs have suffered and will continue to suffer irreparable harm unless infringement of the '938 Patent is enjoined.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark and Trade Dress Infringement and Unfair Competition)

57. Plaintiff incorporates the foregoing paragraphs 1-56 above as if set forth fully herein.

58. Defendant's use of Plaintiff's BOGG Bottom Mark and Plaintiff's BOGG Bag Trade Dress as described above constitutes trademark infringement, trade dress infringement unfair competition in violation of the common law of the State of New Jersey.

### FOURTH CLAIM FOR RELIEF
### (Violation of NJ Stat. § 56:4-1)

59. Plaintiff incorporates the foregoing paragraphs 1-58 above as if set forth fully herein.

60. Defendant's use of, promotion, and sale of the Infringing Bags, as described above, constitutes trademark and trade dress infringement and unfair competition under NJ Stat. § 56:4-1.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Twenty-Six Designs, LLC respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Pursuant to 15 U.S.C. § 1116, NJ Stat. § 56:4-2, and 35 U.S.C. § 283, that Defendant, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns and all those persons or entities in active convert or participation with any of them who receive actual notice of the injunctive order, be preliminarily

and permanently enjoined from using, displaying, promoting, advertising, or exploiting in any way (i) Plaintiff's Bogg Trade Dress, (ii) Plaintiff's Zig-Zag Mark, (iii) Plaintiff's BOGG trademark, or (iv) Plaintiff's B (Stylized) trademark on the Infringing Bags or bags similar to the Infringing Bags, the design of the Infringing Bags, any other trade dress that is confusingly or deceptively similar to Plaintiff's BOGG Trade Dress or Trademarks, or any other design that infringes the '938 Patent;

B.     Pursuant to 15 U.S.C. § 1118, that Defendant deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationary), within its possession, custody or control, either directly or indirectly, that uses (i) Plaintiff's BOGG Trade Dress, (ii) Plaintiff's Zig-Zag trademark, (iii) Plaintiff's BOGG trademark, or (iv) Plaintiff's B (Stylized) trademark, the design of the Infringing Bags, or any other trademarks or trade dress that are confusingly or deceptively similar to Plaintiff's BOGG Trade dress or trademarks;

C.     Pursuant to 15 U.S.C. § 1116, that Defendant be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in Paragraphs A and B above;

D.     Pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. 285 and 289, that Defendant be directed to account to Plaintiff for all gains, profits and advantages derived from its wrongful acts and to pay Plaintiff all damages sustained as a result of Defendant's unlawful conduct, together with pre- and post-judgment interest;

E.     Pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. 284, that Plaintiff recover from Defendant the greater of three times the amount of Defendant's profits or any damages sustained

by Plaintiff, together with interest on such amount and the costs of this action;

  F. Pursuant to NJ Stat. § 56:4-2, that Plaintiff recover from Defendant all damages directly or indirectly caused to Plaintiff by Defendant's unlawful practices, trebled;

  G. Pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. 285, that Plaintiff recover from Defendant attorneys' fees and costs in this action; and

  H. That Plaintiff have such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York
   March 30, 2023

               **COWAN, LIEBOWITZ & LATMAN, P.C.**

               By: _____
               Kieran G. Doyle
               Jeremy A. Berman
               C.J. Erickson
               114 West 47th St.
               New York, New York 10036
               (212) 790-9261
               KGD@cll.com
               JAB@cll.com
               CJE@cll.com

               *Attorneys for Plaintiff Twenty-Six Designs, LLC*